UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JONATHAN J. WICHLACZ; STRATEGIC
INVESTMENT, LLC,
<u>Plaintiffs-Appellants,</u>

v.

No. 96-2173

UNITED STATES DEPARTMENT OF THE
INTERIOR; FEDERAL BUREAU OF
INVESTIGATION,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Robert E. Payne, District Judge.
(CA-96-143-A)

Argued: May 8, 1997

Decided: June 13, 1997

Before NIEMEYER and MOTZ, Circuit Judges, and
FABER, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Matthew Joseph Turner, AGORA, INC., Baltimore,
Maryland, for Appellants. Marc R. Hillson, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellees. **ON BRIEF:**

Michael E. Geltner, GELTNER & ASSOCIATES, P.C., Washington, D.C. for Appellants. Helen F. Fahey, United States Attorney, Dennis E. Szybala, Assistant United States Attorney, Alexandria, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

When the Department of Interior refused to release certain documents that Jonathan Wichlacz and Strategic Investment, L.L.C. had requested under the Freedom of Information Act (FOIA), they filed this action asking that a federal court order disclosure of the documents. In a thorough and careful opinion the district court held that the Department properly withheld the documents because their release could reasonably be expected to interfere with law enforcement purposes and could result in an unwarranted invasion of privacy. Wichlacz v. United States Dept. of Interior, 938 F.Supp. 325 (E.D. Va. 1996). The district court was correct on both grounds, and we affirm.

I.

Jonathan Wichlacz is a paralegal for Strategic Investment, L.L.C., a newsletter. Wichlacz requested the following documents from the National Park Service and FBI under the Freedom of Information Act ("FOIA"): July 16, 1993 telephone records reflecting telephone calls made by Vincent Foster to psychiatrists on the day of his death, a piece of paper found in Foster's wallet listing the names of psychiatrists, and any other documents reflecting the names, addresses, and telephone numbers of these psychiatrists.

In response, the FBI stated that it had a large backlog of FOIA requests, and would not be able to respond to Wichlacz's request for

2

approximately two years. The Department of the Interior responded that it possessed no telephone records, but sent Wichlacz a redacted typewritten copy of a U.S. Park Police report detailing interviews with the three psychiatrists. The report stated that none of the psychiatrists had ever spoken to Foster. The names of the three psychiatrists and the investigating officers were redacted from the report. The Department "advised Wichlacz that it was withholding: (1) [the] three pages of handwritten notes made by law enforcement personnel, the contents of which were reflected in [the] typewritten record, which was released to Wichlacz in redacted form; (2) the names and badge numbers of the investigating officers; (3) the names of the three psychiatrists listed on the paper in Foster's wallet; and (4) the identity of another individual who was not the subject of Wichlacz's request, but whose name appeared on one of the withheld documents." Id. at 329.

Thus, Wichlacz received documentation that established that the psychiatrists had never spoken to Foster. But he did not receive the officers' handwritten notes or the names, addresses, or telephone numbers of the psychiatrists, the fourth person listed on one of the withheld documents, or the park police officers. Dissatisfied with this response, Wichlacz appealed this decision to a FOIA appeals officer, who stated that because the appeal would be delayed beyond the statutory period for review, Wichlacz could seek judicial review in federal district court.

Wichlacz then filed this action in the Eastern District of Virginia on February 5, 1996, seeking an order compelling the FBI to produce any records improperly withheld and the Department of Interior to disclose the names, addresses, and telephone numbers of the psychiatrists and the three pages of the officers' handwritten notes. Both defendants moved to dismiss or for summary judgment. The FBI asserted that it was entitled to this relief because, as substantiated by an affidavit from one of its FOIA supervisors, it did not have any of the documents requested by Wichlacz. The Department of Interior asserted that it was entitled to judgment because the withheld material was protected from disclosure by FOIA exemptions. After hearing oral argument, the district court dismissed the claim against the FBI as moot since it had no documents responsive to the request and granted summary judgment to the Department.

3

The district court held that the information the Department had withheld from Wichlacz had been compiled for law enforcement purposes and was properly shielded from disclosure by two FOIA exemptions. First, the court found that this information "could reasonably be expected to interfere with law enforcement proceedings" and so was exempt under 5 U.S.C. § 552(b)(7)(A) (1994). Id. at 331. The court explained that releasing the information could disturb the Office of the Independent Counsel's ongoing investigation of Foster's death. Id. at 331-32.

Second, the court concluded that the information "could reasonably be expected to constitute an unwarranted invasion of personal privacy" and so was exempt under § 552(b)(7)(C) (1994). Id. at 332. The court balanced the "privacy interests at risk against the public interests that would be served by disclosure." Id. The court initially held that release of the names of the psychiatrists or handwritten notes of the investigating officers would result in "the type of privacy invasion envisioned by exemption 7(C)." Id. at 333.* The court then concluded that the interests of the investigating officers and the psychiatrists, who neither knew nor treated Foster, "in avoiding the inevitable public scrutiny, both of their professional and personal lives, outweighs Wichlacz's interest in tangential aspects of the Foster investigation." Id. at 332 and 334.

"On review of a district court's granting of summary judgment to the government in a FOIA action, we `must determine de novo whether, after taking all the evidence in the light most favorable to the non-movant, there remains no genuine issue of material fact and the government is entitled to judgment as a matter of law." Ethyl Corp. v. EPA, 25 F.3d 1241, 1246 (4th Cir. 1994). "[A]ny factual conclusions that place a document within a stated exemption of FOIA are reviewed under a clearly erroneous standard . . . ." Id. The material facts are not disputed in this case.

_____

*Although Wichlacz did not seek the names of the officers, the Department asserted, and Wichlacz did not dispute, that if he succeeded in obtaining their handwritten notes this would permit their identification "through handwriting analysis." Id. at 334.

4

In urging reversal of the district court's order, Wichlacz principally relies on two arguments: (1) the Office of Independent Counsel's investigation of Foster's death is not a "law enforcement proceeding[ ]" under § 552(b)(7)(A) and (2) psychiatrists who advertise publicly have no privacy interests under § 552(b)(7)(C). Wichlacz presented identical arguments to the district court, and that court thoroughly considered them. See Wichlacz, 938 F.Supp. at 331-34. We have carefully reviewed the briefs and record in this case, and have heard oral argument. Our review persuades us that the district court was correct. We therefore affirm on the reasoning set forth in the district court's excellent opinion.

AFFIRMED